FILED

United States District Court
Eastern District of Virginia
<u>Alexandria Division</u>

2015 MAY -7 P 3: 18

| | | |
|---|---|---|
| **Shraddha Patel** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CASE NUMBER 1:15cv598 |
| | ) | TSE/TCB |
| **Kirit Patel,** | ) | |
| AKA: Kiritkumar Ambalal Patel | ) | |
| | ) | |
| **Krupa Patel,** | ) | |
| | ) | |
| **Atul Patel,** | ) | **JURY TRIAL DEMANDED** |
| AKA: Atulkumar Ambalal Patel | ) | |
| AKA: Atulkumar Arvindbhai Patel | ) | |
| 125 Grandview Blvd | ) | |
| Reading, PA 19609 | ) | |
| | ) | |
| **Nina Patel,** | ) | |
| AKA: Nayna Patel | ) | |
| 125 Grandview Blvd | ) | |
| Reading, PA 19609 | ) | |
| | ) | |
| **Manu Patel,** | ) | |
| 738 Market Street | ) | |
| Gloucester City, NJ 08030 | ) | |
| | ) | |
| **Prabudas Ambalal Patel,** | ) | |
| | ) | |
| **Nisha Patel,** | ) | |
| AKA: Nisha Prabudas Patel | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **Suresh Patel,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### VERIFIED COMPLAINT

Shraddha Patel, Plaintiff, by counsel, submits the following Complaint seeking recovery of damages for tortious injuries against Defendants Kirit, Krupa, Atul, Nina, Manu, Prabudas, Nisha, and Suresh ("Defendants"), and in support thereof states the following:

## PARTIES

1. Plaintiff, Shraddha Patel is an adult. In April and May of 2013, Plaintiff owned and resided at 3650 S. Glebe Rd Unit 646, Arlington, Virginia 22202.

2. Defendant Kirit Patel is the father of Shraddha Patel, an adult resident of California. On information and belief, Kirit Patel is also known as Kiritkumar Ambalal Patel.

3. Defendant Krupa Patel is the step-mother of Plaintiff and an adult resident of California.

4. Defendant Atul Patel is the uncle of Shraddha Patel, an adult resident of Pennsylvania. On information and belief, at all relevant times hereto, Defendant Atul Patel resided at 125 Grandview Blvd, Reading, Pennsylvania, 19609. On information and belief, Atul Patel is also known as Atulkumar Ambalal Patel and Atulkumar Arvindbhai Patel.

5. Defendant Nina Patel is the aunt of Plaintiff, an Adult resident of Pennsylvania. On information and belief, at all relevant times hereto Defendant Nina Patel resided at 125 Grandview Blvd, Reading, Pennsylvania, 19609.

6. Defendant Manu Patel, an adult resident of New Jersey.

7. Defendant Prabudas Patel, Plaintiff's uncle, is an adult resident of Georgia.

8. Defendant Nisha Patel, Plaintiff's aunt, is an adult resident of Georgia.

9. Defendant Suresh Patel, Nina's brother, is an adult resident of Pennsylvania. During the time Plaintiff was held, Defendant Suresh was residing at 125 Grandview Blvd, Reading, Pennsylvania, 19609.

## JURISDICTION AND VENUE

10. Subject Matter Jurisdiction is properly vested in this Court according to U.S.C. § 1332 because Plaintiff is a resident of Maryland and on information and belief Defendants are residents of California, Pennsylvania, New Jersey, and Georgia, and the amount in Controversy exceeds $75,000.

11. Venue is proper in this Court according to U.S.C. § 1391(b)(2) because the initial injury, the subject real estate, and several subsequent injuries herein complained of occurred in Arlington, Virginia.

## FACTS COMMON TO ALL COUNTS

12. Plaintiff resided in the home she owned at 3650 S. Glebe Rd Unit 646, Arlington, Virginia, 22202; this home was subject to a mortgage. On or about May 1st of 2013, Defendants Kirit Patel, Atul Patel, Nina Patel, and Krupa Patel removed Plaintiff by force, threat of force, or intimidation from her home without her consent and without lawful justification, falsely imprisoned her, confined her in a place not of her choosing, forced her to sign unknown documents under duress, assaulted, and battered her. She was continuously confined by Defendants from May of 2013 until she escaped in October of 2013.

13. Before, during, and after the forceful abduction, Plaintiff informed Defendants that she desired to remain in her home or at least she should be taken to a nearby hospital. Plaintiff was suffering from bronchitis and was in an enfeebled condition. In contravention of her express desire, Defendants falsely imprisoned her.

14. Plaintiff was forcefully held and confined in Defendants Atul's and Nina's vehicle and driven to Reading, Pennsylvania; on information and belief, to the home of Atul and Nina. She was held against her will and without lawful justification in Defendants Atul's and Nina's home in Pennsylvania from May 2013 to approximately September 2013.

15. During the period from May 2013 to approximately September 2013, Defendants removed Plaintiff's property from her possession, such as her purse, identification, credit cards and cellphone, among other property. She was forced to live in substandard living conditions, she was struck with fists and blunt objects, threatened with further physical force if she did not obey Defendants' instructions, she was not permitted the private use of bathroom facilities, she was not permitted the use of proper hygiene products (including feminine hygiene products), she was not permitted privacy to disrobe and change, she had her clothing forcefully removed from her body, her prescribed medication and contact lenses were taken away from her, and she was forced to take unknown pills. During this time, she was falsely imprisoned, battered, humiliated, and assaulted.

16. On several occasions, while Plaintiff was being held at Atul and Nina's home, Nina Patel's brother, Defendant Suresh, agreed to keep watch over Plaintiff and with use of force or threat of force, unlawfully prevented her escape.

17. In approximately September 2013, under threat of force, Plaintiff was taken to an airport and forced against her will to fly to California.

18. In California, Plaintiff was held against her will and without legal justification by Defendants Kirit and Krupa Patel. Plaintiff was held in California until she escaped in approximately October 2013. During this time period, Defendants physically struck Plaintiff, hit her head against a wall, kicked, punched, and beat her with blunt objects causing multiple bruises, injury to her lower back, and causing her to bleed from several wounds. Defendants prevented Plaintiff's access to her medication for multiple conditions and she was threatened with further physical injury or death if she did not obey Defendants. During this time, she was falsely imprisoned, battered, humiliated, and assaulted.

19. While being held by Defendants Kirit and Krupa Patel, from approximately September 2013 to October 2013, Plaintiff was falsely imprisoned, subjected to substandard living conditions, humiliated, battered, assaulted, and threatened. Furthermore, at least one of the Defendants threatened that if Plaintiff escaped, Defendants would kill Plaintiff and Plaintiff's mother. Plaintiff knew about Kirit's history of beating and threatening to kill Plaintiff's mother and therefore was in fear of her own life and safety and the life and safety of her mother.

20. Sometime in October 2013, Plaintiff was able to surreptitiously contact a taxi, was driven to an airport in the taxi, and with assistance from her mother, she was able to get a plane ticket to leave California.

21. Defendants Prabudas and Nisha Patel stayed at the home of Defendants Atul and Nina Patel for several weeks while Plaintiff was being held captive at that location. During that time, they participated in acts of humiliation, threatened Plaintiff, supported, encouraged and otherwise aided and abetted other Defendants' tortious conduct towards Plaintiff. Additionally, several forged checks written by Defendant Kirit Patel were written to Nisha Patel.

22. Defendant Manu Patel aided and abetted other Defendants' tortious conduct by providing counsel, support, or encouragement to Kirit Patel shortly after the abduction of Plaintiff. Furthermore, on information and belief, Defendant Manu knew of Plaintiff's false imprisonment and then provided a location for Defendant Kirit to store Plaintiff's vehicle and provided other support and otherwise facilitated the tortious conduct. On information and belief, Defendant Manu also profited from Plaintiff's false imprisonment by the use of Plaintiff's vehicle without Plaintiff's permission while she was falsely imprisoned. Defendant Manu knew about the false imprisonment, had an opportunity to counsel against the Defendants' tortious conduct, but instead supported and facilitated the tortious conduct.

23. On information and belief, during Plaintiff's imprisonment, Defendant Kirit Patel unlawfully used a computer to fraudulently access Plaintiff's bank account, forged checks in her name, fraudulently contacted Plaintiff's mortgage lender, fraudulently applied for and collected unemployment in Plaintiff's name, fraudulently collected rent from Plaintiff's property, and committed other possible frauds injuring Plaintiff. Defendant Atul also fraudulently contacted Plaintiff's mortgage lender and diverted Plaintiff's mail to a Post Office Box that Plaintiff did not know about and did not have access to.

24. Defendants, Kirit and Atul Patel removed Plaintiff's personal property from Plaintiff's former home, deprived Plaintiff of ownership of that personalty, and converted that property for their own use.

25. Throughout the events complained of herein, Defendants Kirit Patel, Atul Patel, Nina Patel, Krupa Patel, Manu Patel, Prabudas Patel, Nisha Patel, and Suresh Patel agreed with each other and acted in concert to effect the goal of falsely imprisoning Plaintiff, to cause Plaintiff extreme emotional distress, to physically batter her, to place her in apprehension of additional batteries, to convert her personal property and money, to fraudulently access her bank account and other financial information, and to unlawfully receive money in Plaintiff's name. In the alternative, each Defendant acted purposefully in furtherance of group's agreed goals.

26. As a result of all Defendants' conduct, Plaintiff has sustained physical and emotional injuries that are permanent in nature, lost property, lost earning capacity for several reasons one of which being the damage to her credit rating and erroneous entries in her credit report, lost wages, she has been in a constant state of fear that the Defendants will again infringe upon her liberty, she has had difficulty trusting people, has had difficulty gaining employment due to her

credit rating being damaged by the fraudulent conduct of Defendants, and her mortgage lender has foreclosed on her home.

## COUNT 1 – FALSE IMPRISONMENT
### Kirit, Krupa, Atul, Nina, and Suresh

27. The allegations set forth in Paragraphs 1 through 26 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

28. Defendants' deliberate acts depriving the Plaintiff of her liberty constitute the tort of false imprisonment. These unlawful and deliberate acts were outrageous conduct in violation of normal standards of decency and were without privilege or justification.

29. Defendants deliberately acted for the specific purpose of confining or restraining the Plaintiff's person within boundaries fixed by the Defendants, Plaintiff was conscious of the confinement, and was severely harmed by it.

30. In the alternative, the Defendants acted with the knowledge to a substantial certainty that their deliberate acts would restrain the person of the Plaintiff.

31. All Defendants, including Manu, Prabudas, and Nisha, knew of Plaintiff's false imprisonment, aided and abetted, counseled, or encouraged the principal actors in committing the acts of false imprisonment. In the alternative, Defendants knowingly profited because of other tortfeasors' acts.

WHEREFORE, Plaintiff prays for relief and judgment against Defendants jointly and severally in the amount of $3,000,000 in compensatory damages for physical injury, emotional and mental distress, and violation of Plaintiff's liberty, $9,000,000 in treble punitive damages for Defendants' outrageous, malicious, and wanton conduct, attorney's fees, costs of bringing this suit, and pre-judgment interest.

## COUNT 2 – BATTERY

**Kirit, Krupa, Atul, Nina, and Suresh**

32. The allegations set forth in Paragraphs 1 through 31 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

33. Defendants' deliberate acts of touching Plaintiff's person constitute the tort of battery. These unlawful and deliberate acts were outrageous conduct in violation of normal standards of decency and were without privilege or justification.

34. On multiple occasions, Defendants deliberately touched Plaintiff in harmful, unwanted, and offensive ways causing physical injury and offensive contact. These multiple acts of touching were neither consented to, excused, or justified.

35. All Defendants, including Manu, Prabudas, and Nisha, knowingly aided and abetted, counseled, or encouraged the principal actors in committing the acts of battery.

WHEREFORE, Plaintiff prays for relief and judgment against Defendants jointly and severally in the amount of $2,850,000 in compensatory damages for physical injury, emotional and mental distress, and violation of Plaintiff's liberty, $8,550,000 in treble punitive damages for Defendants' outrageous, malicious, and wanton conduct, attorney's fees, costs of bringing this suit, and pre-judgment interest.

## COUNT 3 – ASSAULT
**Kirit, Krupa, Atul, Nina, and Suresh**

36. The allegations set forth in Paragraphs 1 through 35 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

37. In addition to the batteries complained of, Defendants' multiple deliberate acts of threats and other conduct placed Plaintiff in the reasonable apprehension of additional immediate harmful or offensive touching. These unlawful and deliberate acts were outrageous conduct in violation of normal standards of decency and were without privilege or justification.

38. On multiple occasions, Defendants Kirit and Atul threatened to kill Plaintiff or her mother, threatened to batter her, in addition to other acts of intimidation.

39. On multiple occasions, Defendants deliberately acted to create the reasonable apprehension in Plaintiff's mind of additional harmful, unwanted, and offensive touching; these acts by Defendants were neither consented to, excused, or justified.

40. All Defendants, including Manu, Prabudas, and Nisha, knowingly aided and abetted, counseled, or encouraged the principal actors in committing the acts of assault.

WHEREFORE, Plaintiff prays for relief and judgment against Defendants jointly and severally in the amount of $1,425,000 in compensatory damages for physical injury, emotional and mental distress, and violation of Plaintiff's liberty, $4,270,000 in punitive damages for Defendants' outrageous, malicious, and wanton conduct, attorney's fees, costs of bringing this suit, and pre-judgment interest.

## COUNT 4 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Kirit, Krupa, Atul, Nina, and Suresh

41. The allegations set forth in Paragraphs 1 through 40 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

42. Defendants intentionally or recklessly acted in an outrageous and intolerable fashion to cause extreme emotional distress to Plaintiff; Defendants' actions directly and proximately caused such emotional distress, and the Plaintiff's emotional distress so caused was severe.

43. Defendants' conduct of stripping Plaintiff's clothes from her body, prohibiting her access to proper feminine hygiene products, taking Plaintiff's prescribed medication from her, preventing Plaintiff from possessing her proper corrective lenses, forcing her to live in substandard living conditions, preventing Plaintiff from accessing clean undergarments, forcing Plaintiff to eat substandard food, not affording Plaintiff privacy, forcing Plaintiff to take

unknown pills, and otherwise mistreating Plaintiff was so extreme that these acts offend against the generally accepted standards of decency and morality in a civilized community.

44. Defendants, including Manu, Prabudas, and Nisha, knowingly aided and abetted, counseled, or encouraged the principal actors in committing the acts of intentional infliction of emotional distress.

WHEREFORE, Plaintiff prays for relief and judgment against Defendants jointly and severally in the amount of $1,000,000 in compensatory damages for physical injury, emotional and mental distress, and violation of Plaintiff's liberty, $3,000,000 in punitive damages for Defendants' outrageous, malicious, and wanton conduct, attorney's fees, costs of bringing this suit, and pre-judgment interest.

### COUNT 5 – VIOLATION OF THE VIRGINIA COMPUTER CRIMES ACT
### VA Code §§ 18.2-152.12; 18.2-152.3; 18.2-152.5; 18.2-152.8
### Kirit

45. The allegations set forth in Paragraphs 1 through 44 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

46. Defendant Kirit accessed a computer and, without authority from Plaintiff, fraudulently contacted Plaintiff's mortgage lender, Plaintiff's bank, government entities, and others, fraudulently acting as Plaintiff or as Plaintiff's agent to obtain money, unemployment benefits, to seek a modification of Plaintiff's mortgage, and to commit other possible frauds.

47. Additionally, on information and belief, Defendant Kirit accessed a computer and received sensitive or private information regarding Plaintiff's credit or other financial or identifying information and used it in other possible frauds or distributed it to other persons.

WHEREFORE, pursuant to VA Code § 18.2-152.12, Plaintiff prays for relief and judgment against Defendants jointly and severally in the amount of $1,000,000 in compensatory

damages for lost profits, lost wages and earning capacity due to damaged credit, attorney's fees, costs of bringing this suit, and pre-judgment interest.

## COUNT 6 - FRAUD
### Kirit and Atul

48. The allegations set forth in Paragraphs 1 through 47 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

49. Defendants knowingly and intentionally forged Plaintiff's signature on checks and other documents causing injury to Plaintiff. Defendants also fraudulently concealed the nature of several documents and forced Plaintiff to sign them under threat of force.

50. Defendants knowingly and intentionally concealed facts to divert money due to Plaintiff from the renting of her property to Defendants for their own purposes.

51. Defendants fraudulently contacted Plaintiff's mortgage lender. In the course of Defendants' fraudulent dealings, they caused Plaintiff's property to go into foreclosure.

52. Defendants fraudulently contacted the United States Postal Service and diverted mail intended for Plaintiff to a Post Office Box depriving Plaintiff of important mail causing her damage.

53. On information and belief, Defendants Krupa, Nina, Manu, Prabudas, Nisha, and Suresh knew about, agreed with, intentionally supported, and profited from Defendants Kirit's and Atul's fraudulent conduct.

54. Defendants acted with actual malice or willful and wanton disregard of the Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief and judgment against Defendants jointly and severally in the amount of $1,000,000 in compensatory damages for physical injury, emotional and mental distress, violation of Plaintiff's liberty, loss of Plaintiff's property, and other damage

to Plaintiff, $3,000,000 in punitive damages for Defendants' outrageous, malicious, and wanton conduct, attorney's fees, costs of bringing this suit, and pre-judgment interest.

### COUNT 7 – COMMON LAW CIVIL CONSPIRACY
### All Defendants

55. The allegations set forth in Paragraphs 1 through 54 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

56. Defendants agreed or combined to accomplish by concerted action the false imprisonment, batteries, assaults, infliction of emotional distress, conversion of Plaintiff's property, and frauds, and by such concerted action or acts committed in furtherance of the conspiracy directly and proximately caused the accomplishment of the tortious acts causing damage to Plaintiff.

57. All Defendants acted with actual malice or acted intentionally, purposely, and without lawful justification to accomplish the tortious acts causing damage to Plaintiff.

58. All Defendants, not only the principal actor or actual assailant for each tortious act, aided, abetted, counseled, or encouraged the other tortfeasors by words, facilitation of the tortious acts, other tortious acts infringing Plaintiff's liberty, or other acts in furtherance of the conspiracy and are therefore equally liable with each other to Plaintiff, irrespective of whether they were present when each wrongful act was done, and irrespective of whether their motives were malicious.

WHEREFORE, Plaintiff prays for relief and judgment against Defendants jointly and severally in the amount of $10,275,000 in compensatory damages for physical injury, emotional and mental distress, violation of Plaintiff's liberty, loss of Plaintiff's property, lost wages, lost earning capacity due to damaged credit, and other physical and emotional injuries to Plaintiff, $27,820,000 in punitive damages for Defendants' outrageous, malicious, and wanton conduct, attorney's fees, costs of bringing this suit, and pre-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment against Defendants jointly and severally as follows: for compensatory and actual damages in the amount of $10,275,000, the exact amount to be determined at trial, according to proof; for punitive damages in the amount of 27,820,000; and for such other relief as the Court deems just and proper.

**JURY DEMAND: The Plaintiff demands a jury trial on all issues.**

SHRADDHA PATEL,

By: _____
Counsel

Douglas M. Coleman, VSB #25035
Matthew A. Crist, VSB #85922
Coleman Law Group PLC
602 Cameron Street
Alexandria, Virginia 22314
(703) 739-4200 (telephone)
(703) 739-4210 (facsimile)

## VERIFICATION

I, Shraddha Patel, am the Plaintiff in the present case and on this 6th day of May, 2015 hereby declare as follows: I have reviewed this Complaint and the allegations stated herein and I verify under penalty of perjury that the factual allegations I have made in this Complaint are true and accurate and in the allegations about which I do not have personal knowledge, I believe them to be true and accurate based upon information and belief.

_____
Shraddha Patel

## JURAT

On this 6th day of May, 2015, before me, the undersigned notary public, personally appeared Shraddha Patel proved to me through satisfactory evidence of identification, which were MD Driver's Licence, to be the person who signed above who swore to me that the contents of this Complaint are truthful and accurate to the best of her knowledge and belief.

my registration # 7575988

_____
Notary Public   O. Johnson

Commission expires 09/30/2017

```
OLGA V. JOHNSON
NOTARY PUBLIC
REGISTRATION # 7575988
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
SEPTEMBER 30, 2017
```