UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SHRADDHA PATEL,<br>      Plaintiff,<br><br>      v.<br><br>KIRIT PATEL, et al.,<br>      Defendants. | Civ. No. 1:15cv598 |

<u>MEMORANDUM OPINION</u>

THIS MATTER originally came before the Court on Defendant Atul Patel's Motion to Compel Plaintiff's Shraddha Patel Responses and Objections to Defendant's Atul Patel First Set of Request for Production of Documents (Dkt. 83) and Defendant Nina Patel's Motion to Compel Plaintiff's Shraddha Patel Responses and Objections to Defendant's Nina Patel First Set of Request for Production of Documents (Dkt. 86), both of which the Court granted on February 26, 2016. Federal Rule of Civil Procedure 37(a)(5)(A) provides that the Court must order the party whose conduct necessitated the motion to pay the movant's reasonable expenses, including attorneys' fees. The Court, in considering the motion, found that plaintiff's failure to provide discovery necessitated defendants' motions and plaintiff's nondisclosure was not substantially justified. This matter comes again before the Court on Defendant's Atul Patel and Nina Patel Motion for Attorney's Fees (Dkt. 109), which asks for the fees and costs

associated with defendants' motions to compel.

Defendants' Motion for Attorney's Fees requests total expenses of $787.50. (Dkt. 110). The Court finds that defendants' counsel Gwendolyn M. Hickman reasonably spent 2.25 total hours in connection with defendants' motions to compel. Ms. Hickman has been practicing law for 31 years and her hourly billing rate is $350.00.

The Court has additionally reviewed the twelve factors to be considered when determining the reasonable billing rate and hours. See Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243-44 (4th Cir. 2009). Of the twelve factors, the Court finds that factors (2) novelty and difficulty of the questions raised, (4) opportunity costs, (6) attorney's expectations, (7) time limitations, (8) amount in controversy, (10) undesirability, and (11) nature and length of the attorney-client relationship are not significant factors.

As to the reasonableness of counsel's rates, the Court is familiar with the prevailing rates in the area for these types of cases and, in light of the passage of time since this Court has last addressed the prevailing market rates in Northern Virginia, the Court finds that the rates charged in this case are below the prevailing rates for attorneys with her experience and ability in 2016. Thus, the Court finds that these fees are reasonable.

The skill required (factor 3) in a personal injury case further justifies the fees charged, as do the experience, reputation, and abilities of the attorney (factor 9).

As to factors 1, 5, and 12, the Court finds that the time and labor expended are reasonable and necessary (factor 1), the fees are customary for like work (factor 5), and the attorney's fees award in connection with this motion is similar to those in other cases which the Court has considered in the past (factor 12). Thus, the Court finds the total attorney's fees detailed below to have been reasonably incurred in making this motion and should be awarded:

| Attorney | Hours Worked | Rate | Amount |
|---|---|---|---|
| Ms. Hickman | 2.25 | $350.00 | $787.50 |

Therefore, the Court finds that plaintiff Shraddha Patel must pay defendants Atul Patel and Nina Patel $787.50, within ten (10) days. An appropriate order shall issue.

                                      /s/
                            Theresa Carroll Buchanan
                            United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

July 21, 2016
Alexandria, Virginia