IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SHRADDHA PATEL,<br>    Plaintiff,<br><br>    v.<br><br>KIRIT PATEL, *et al.*,<br>    Defendants. | )<br>)<br>)<br>)   Case No. 1:15-cv-598<br>)<br>)<br>) |

## ORDER

Plaintiff Shraddha Patel alleges that members of her family abducted her from her home in Virginia in May 2013 and held her captive in Pennsylvania and California for six months. In the three years since plaintiff initiated this suit in May 2015, plaintiff's claims against the eight defendants, all members of her family, have been resolved. As relevant here, default judgment was entered against Kirit and Krupa Patel, plaintiff's father and stepmother, in the amount of $5,500, and judgment was entered against Atul Patel, plaintiff's uncle, in the amount of $4,000 following a jury trial.

Plaintiff now requests relief from the entry of judgment against Atul, Kirit and Krupa for mistake under Rule 60(b)(1), Fed. R. Civ. P., and because she alleges it is void pursuant to Rule 60(b)(4), Fed. R. Civ. P. Plaintiff has fully briefed the issue, and because argument would not aid the decisional process, it is now ripe for disposition. For the reasons set forth herein, plaintiff's motion must be denied.

I.

The facts of this case have been described at length in the three years this lawsuit has been pending. Nevertheless, a brief overview is necessary for the resolution of this motion. Plaintiff filed this state-law diversity action in May 2015 against eight family members after they

allegedly conspired to take her by force from her Virginia home, assaulted her, battered her and falsely imprisoned her in Pennsylvania and California from May to October 2013. *Patel v. Patel*, 283 F. Supp. 3d 512, 513 (E.D. Va. 2017). Plaintiff filed a Second Amended Complaint in May 2016 asserting claims of false imprisonment, battery, assault, intentional infliction of emotional distress and common law civil conspiracy against Atul, Kirit, Krupa and various other family members. *Id.* at 513–14. Plaintiff's Second Amended Complaint also alleged that Kirit committed a violation of the Virginia Computer Crimes Act. *Id.*

Although default was initially entered against all defendants when they failed to file timely responses, four ultimately made appearances. *Id.* at 514. Plaintiff voluntarily dismissed two from the case. *Id.* Two others, Atul and his wife, Nina, proceeded *pro se* to a jury trial.[1] *Id.* At trial, plaintiff's common law civil conspiracy claim was dismissed for lack of evidence after plaintiff presented her case-in-chief. *Patel v. Patel*, No. a-15-cv-598, at *1, 2017 WL 5198151 (E.D. Va. July 31, 2017) (Order). Plaintiff did not object. *Id.* The jury then returned a verdict in favor of Nina on all remaining counts against her and in favor of Atul on three of the four remaining counts against him. *Id.* at *2. Plaintiff prevailed on the false imprisonment claim against Atul, for which the jury awarded plaintiff $4,000 in compensatory damages, a fraction of

---

[1] Plaintiff complains that the Order awarding default judgment against Kirit and Krupa "misunderst[ands]" some of the evidence presented at Atul and Nina's trial. Specifically, plaintiff represents that her "psychiatrist testified generally that *some people* with bipolar disorder experience hallucinations and delusions. But he did not testify that *Shraddha* ever experienced those symptoms." Pl.'s Br. 10. (emphasis in original). To the contrary, Dr. Schonfeld testified that plaintiff had "confusion and paranoia" when she was first hospitalized in 2011. Trial Tr. vol. 1, 9:4–5, 12:24–13:4. The second time plaintiff was hospitalized, Dr. Schonfeld testified, plaintiff "was still delusional, having delusions." *Id.* at 13:5–9. Additionally, Dr. Schonfeld testified that when plaintiff "is off of [her] medications, the illness recurs" and plaintiff exhibits "[t]he paranoia, the paranoid delusion." *Id.* at 13:21–25, 14:1–3. Furthermore, Dr. Schonfeld testified that, when he began treating plaintiff again following the alleged kidnapping, her paranoia and delusions had returned. *Id.* at 30:3–12. Indeed, since plaintiff resumed psychiatric treatment in 2014, Dr. Schonfeld explained, "there is a delusional aspect to her thinking." *Id.* Accordingly, plaintiff's contention that "at no time has Dr. Schonfeld stated that Shraddha was delusional" is plainly untrue. Pl.'s Brief 10.

the millions she requested. *Id.* Neither party appealed the verdict, and the judgment was satisfied. *Id.*

The other four defendants remained in default. *Patel*, 283 F. Supp. 3d at 514. Two were ultimately dismissed for lack of personal jurisdiction. *Id.* Plaintiff moved for default judgment against the final two defendants, Kirit and Krupa, and a hearing was scheduled for August 18, 2017 to give plaintiff an opportunity to present evidence of her damages. *Id.* at 514–15. The Clerk was directed to send a copy of the Order scheduling the hearing to plaintiff, who was proceeding *pro se* at the time. *Id.* at 515. Plaintiff failed to appear at the hearing. *Id.* An Order issued on August 18, 2017 directing the Clerk to enter default judgment against Kirit and Krupa in the amount of $5,500.[2] *Id.* Sixty days after the entry of default judgment, plaintiff filed a motion to extend her time to file a notice of appeal purportedly pursuant to Rule 4(a)(5), Fed. R. Civ. P, alleging that she never received notice of the judgment. *Id.* Plaintiff's motion was denied because "Rule 4(a)(6), not Rule 4(a)(5), applies to cases where . . . a party seeks to extend her time to appeal based solely on a lack of notice of the judgment" and plaintiff failed to file her motion within the 14-day limit set by Rule 4(a)(6). *Id.* at 518. Plaintiff appealed the denial, arguing it was improper to find Rule 4(a)(6), and not Rule 4(a)(5), applicable. *Patel v. Patel*, 727 F. App'x 52 (Mem), 52 (4th Cir. 2018). The Fourth Circuit affirmed the denial.[3] *Id.* at 52. Undeterred, plaintiff subsequently filed the Motion to Reconsider Entry of Judgment against Atul, Kirit and Krupa now at issue. With respect to the judgment against Atul, plaintiff argues that (i) the partial judgment in favor of Atul on the conspiracy count is void because default

---

[2] Specifically, a judgment of $4,000 was ordered against defendants Kirit and Krupa Patel with respect to plaintiff's claims for false imprisonment, battery, assault, intentional infliction of emotional distress and conspiracy. *Patel v. Patel*, No. 1:15-cv-598 (E.D. Va. Aug. 18, 2017) (Order). An additional judgment of $1,500 was ordered against defendant Kirit Patel with respect to plaintiff's Virginia Computer Crimes Act claim. *Id.*

[3] The Fourth Circuit also dismissed plaintiff's appeal of other orders for lack of jurisdiction and denied plaintiff's motions to defer and for preparation of transcripts at government expense. *Patel*, 727 F. App'x 52 (Mem) at 53.

judgment was entered against Kirit and Krupa on the conspiracy counts against them, (ii) dismissal of the conspiracy count was a mistake because it was based on a lack of evidence due largely to Kirit and Krupa's refusal to participate in discovery, (iii) the jury trial was unfair because it occurred without Kirit and Krupa participating in discovery and (iv) the jury award was inadequate. Pl.'s Br. 6–15. With respect to the judgment against Kirit and Krupa, plaintiff argues that (i) the judgment is void because it was based on the partial judgment in favor of Atul, (ii) the Order awarding default judgment mistakenly made an independent determination of damages, (iii) the Order "misunderstood" plaintiff's psychiatrist, (iv) the Order "mistakenly relied in part on false or extraneous reasoning" in concluding plaintiff's semi-conscious state when her family allegedly abducted her casts doubt on her allegations, (v) the Order mistakenly considered the jury's decision to award plaintiff $4,000 in damages against Atul when determining the amount of damages, (vi) the lack of factual support in the record was mistakenly used to undermine plaintiff's claim of damages and (vii) the default judgment award was inadequate. *Id.*

## II.

Rule 60(b), Fed. R. Civ. P., authorizes courts to relieve a party from a final judgment or order in very limited circumstances. As relevant here, Rule 60(b)(1) authorizes relief for "mistake, inadvertence, surprise, or excusable neglect" and Rule 60(b)(4) authorizes relief when "the judgment is void." Fed. R. Civ. P. 60(b)(1), (4).

Notably, the Fourth Circuit has made clear that "[t]he extraordinary remedy of Rule 60(b) is only to be granted in exceptional circumstances." *Wilson v. Thompson*, 138 F. App'x 556, 557 (4th Cir. 2005). Three threshold conditions must be satisfied. *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). First, the "moving party must show that [her] motion is

timely." *Id.* Second, she must demonstrate "that [s]he has a meritorious [claim or] defense to the action." *Id. See Aikens v. Ingram,* 652 F.3d 496, 501 (4th Cir. 2011) (noting that a Rule 60(b) movant must "have a meritorious *claim* or defense") (emphasis added). Third, she must establish "that the opposing party would not be unfairly prejudiced by having the judgment set aside." 812 F.2d at 896. "If the moving party makes such a showing, [s]he must then satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from the judgment." *Id.* Although the Fourth Circuit has "taken an increasingly liberal view of Rule 60(b)" in the context of default judgments, it has done so where default judgment was entered against, not in favor of, the Rule 60(b) movant. *Nat'l Credit Union Admin. Board v. Gray,* 1 F.3d 262, 264 (4th Cir. 1993).

Plaintiff seeks reconsideration of the judgment based on two of the grounds for relief in Rule 60(b). First, she relies on Rule 60(b)(1), Fed. R. Civ. P, which provides relief for "mistake, inadvertence, surprise, or excusable neglect." Here, plaintiff alleges mistake. Pl.'s Brief 1. When deciding whether to grant relief under Rule 60(b)(1), "the District Court denies or grants relief based on its discretionary appraisal of the particular facts of the case." *Universal Film Exchanges, Inc. v. Lust,* 479 F.2d 573, 576 (4th Cir. 1973). Second, plaintiff relies on Rule 60(b)(4), Fed. R. Civ. P. This provision authorizes relief when "the judgment is void." Satisfying Rule 60(b)(4) is a difficult task. According to the Supreme Court, "a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short." *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 270 (2010) (citations omitted). Accordingly, "[a] judgment is not void, for example, simply because it is or may have been erroneous. . . . Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of

jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271–72 (internal quotation marks and citations omitted). The Fourth Circuit has similarly cautioned that "courts must be mindful that Rule 60(b)(4) is not a substitute for a timely appeal." *Wendt v. Leonard*, 431 F.3d 410, 412–13 (4th Cir. 2005). Rather, "[a]n order is 'void' for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." *Id.*

Finally, it is important to note that, although judicial mistakes may be grounds for relief under Rule 60(b), a party may not use Rule 60(b) to request reexamination of legal issues. *United States v. Williams*, 674 F.2d 310, 312–13 (4th Cir. 1982). As the Fourth Circuit has explained, "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue. . . . Where the motion is nothing more than a request that the district court change its mind, . . . it is not authorized by Rule 60(b)." *Id.* Accordingly, "[r]elief is not authorized under Rule 60(b) where the "motion simply reiterates legal arguments already addressed in the district court's first order." *CNF Constructors, Inc. v. Donohoe Construction Co.*, 57 F.3d 395, 400 (4th Cir. 1995). Moreover, the Fourth Circuit has held requests for reconsideration of factual issues are similarly inappropriate under Rule 60(b). *See, e.g., United States v. Vassell*, 22 F. App'x 193, 194 (4th Cir. 2001) (dismissing an appeal based on legal and factual arguments from the district court's denial of a motion for reconsideration where the movant "[did] nothing more than disagree with the court's resolution" of the matter because Rule 60(b) does not authorize relief "[w]hen the motion raises no new arguments, but merely requests the district court to reconsider a legal issue or to change its mind").

### III.

It is appropriate to start with the first of the three threshold requirements for relief under Rule 60(b), namely that the motion is timely. *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). Specifically, a motion under Rule 60(b)(1) is subject to an absolute filing deadline of "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). Additionally, all "motion[s] under Rule 60(b) must be made within a reasonable time." *Id.* Plaintiff satisfies the former requirement but fails to satisfy the latter requirement.

Plaintiff satisfies, barely, the requirement that a motion pursuant to Rule 60(b)(1) be made "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). Final judgment was entered on August 21, 2017. *Patel v. Patel*, No. 1:15-cv-598 (E.D. Va. Aug. 21, 2017) (Default Judgment). Plaintiff filed the instant motion on August 21, 2018. Accordingly, plaintiff has satisfied the jurisdictional requirement that her Rule 60(b)(1) motion be filed no more than one year after entry of the judgment.[4]

Plaintiff contends she also satisfies the requirement that her Rule 60(b) motion "be made within a reasonable time."[5] She does not. The Fourth Circuit has indicated that the "reasonableness inquiry evaluates whether a movant acted promptly when put on notice of a

---

[4] At first blush, it may seem that plaintiff does not satisfy the one-year requirement with respect to her claim for reconsideration of the judgment against Atul, as judgment was entered against him on September 16, 2016. *Patel v. Patel*, No. 1:15-cv-598 (E.D. Va. Sept. 16, 2016) (Judgment). However, Rule 60(b) applies by its terms to "*final* judgment[s]." Fed. R. Civ. P. 60(b) (emphasis added). The judgment entered against Atul on September 16, 2016 was interlocutory, not final. *See* Fed. R. Civ. P. 54(b); *Baird v. Palmer*, 114 F.3d 39, 42 (4th Cir. 1997) ("Where a suit remains pending in the district court, an order dismissing one claim or defendant but not others ordinarily is not final.") Accordingly, it was not until final judgment was entered in the case on August 21, 2017 that the judgment against Atul became final and eligible for attack under Rule 60(b). *See Fayetteville Investors v. Com. Builders*, 936 F.2d 1462, 1469 (4th Cir. 1991) (noting that "because the order was not final, Rule 60(b) was not available for relief from an interlocutory order").

[5] Fed. R. Civ. P. 60(c)(1).

7

potential claim." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 300 (4th Cir. 2017) (citation omitted) (approvingly quoting a First Circuit case concluding the same). Plaintiff filed her Rule 60(b) motion exactly one year following entry of the final judgment she challenges.[6] Plaintiff has not alleged that, following entry of final judgment, she has become aware of claims of which she was previously unaware. Accordingly, the reasonableness inquiry here evaluates whether plaintiff acted promptly in filing her Rule 60(b) motion exactly one year following the entry of final judgment.

As the Fourth Circuit has made clear, "the movant bears the burden of showing timeliness." *Moses v. Joyner*, 815 F.3d 163, 166 (4th Cir. 2016). Yet, plaintiff fails to cite any authority in support of her contention that her motion is timely. The Fourth Circuit has "held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." *McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991). Accordingly, plaintiff's Rule 60(b) motion is similarly untimely because plaintiff has failed to provide a valid reason for her year-long delay. Plaintiff asserts only that her motion is timely because "[b]y filing within a year of the judgment's entry on August 21, 2017, while her appeal of the extension issue denial remained pending, [plaintiff] meets both prongs of Rule 60(c)(1)."[7] Pl.'s Br. 5. Yet Fourth Circuit precedent suggests that a pending appeal is not a valid reason for delay in filing a Rule 60(b) motion. Indeed, the Fourth Circuit has noted that "litigants who seek Rule 60(b) relief typically cannot wait until an appeal has been conducted to request such relief because the period

---

[6] As discussed in footnote 3, the judgment against Atul entered September 16, 2016 was made final when final judgment was entered in the case on August 21, 2017, exactly one year before plaintiff filed her Rule 60(b) motion.

[7] Although a panel of the Fourth Circuit issued an opinion on June 18, 2018, the Circuit did not deny plaintiff's petition for rehearing and rehearing en banc until August 21, 2018. *See Patel v. Patel*, 727 F. App'x 52 (Mem.) (4th Cir. 2018); *Patel v. Patel*, No. 1:15-cv-598 (4th Cir. Aug. 21, 2018) (Order).

8

during which the case is on appeal counts toward determining whether a Rule 60(b) motion is timely filed." *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 889–91 (4th Cir. 1999) (citation omitted) (concluding that a district court has jurisdiction to entertain a Rule 60(b) motion while an appeal is pending "and should do so promptly"). Accordingly, plaintiff has proffered no valid reason for her year-long delay in filing her Rule 60(b) motion.

Moreover, the Fourth Circuit has found it significant that a Rule 60(b) movant "slept on [her] rights" in affirming the district court's finding that her Rule 60(b) motion was untimely. *Wells Fargo Bank. N.A. v AMH Roman Two NC, LLC*, 859 F.3d 295, 300 (4th Cir. 2017). Plaintiff here did the same. Plaintiff failed to object to dismissal of the conspiracy claim against Atul that she now alleges was a mistake. Plaintiff failed to appeal the jury verdict against Atul that she now challenges. Plaintiff failed to show up to the hearing during which she had the opportunity "present evidence . . . to support her . . . requested damages" against Kirit and Krupa. *Patel v. Patel*, No. 1:15-cv-598 (E.D. Va. July 31, 2017) (Order). And plaintiff failed to timely appeal the default judgment entered against Kirit and Krupa which she now complains is inadequate. "It is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993).

Plaintiff has thus failed to satisfy her burden of establishing that she meets the first of the three threshold requirements for relief from final judgment under Rule 60(b), namely that her motion is timely. It is therefore unnecessary to consider whether plaintiff has met the other requirements of Rule 60(b).

Accordingly, and for the reasons stated herein, it is hereby **ORDERED** that plaintiff's Motion to Reconsider Entry of Judgment (Doc. 301) is **DENIED.**

The Clerk is directed to provide a copy of this Order to all counsel of record.

Alexandria, Virginia
October 16, 2018

/s/
_____
T. S. Ellis, III
United States District Judge

10